UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2017 JUL 21 AM 11: 54
S.D. OF N.Y.

Harold Rivers

_____
Write the full name of each plaintiff.

17CV5599

_____CV_____
(Include case number if one has been assigned)

-against-

Imani Property Management Inc. and 100 West
~~121st Street HDFC~~

_____

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

I.  PARTIES

A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Harold | | Rivers |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 501 West 143rd Street,  Apt 21 |
|---|
| Street Address |

| NY | NY | 10031-6031 |
|---|---|---|
| County, City | State | Zip Code |

| 646-685-9319 | |
|---|---|
| Telephone Number | Email Address (if available) |

B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   Imani Property Management Inc.
Name
412 Malcolm X Boulevard
Address where defendant may be served

| NY | NY | 10037 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:   100 West 121st Street HDFC
Name
100 West 121st Street
Address where defendant may be served

| New York | NY | 10027 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City              State              Zip Code

## II.  PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

100 West 121st Street HDFC
_____
Name

100 West 121 Street
_____
Address

New York                  NY                 10027
_____
County, City              State              Zip Code

## III.  CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race:        _____

☐ color:       _____

☐ religion:    _____

☐ sex:         _____

☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: **Diabetes**

- ☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: **Diabetes**

- ☒ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- ☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☒ Other (may include other relevant federal, state, city, or county law):
    **FLSA, NYS Labor Law Art 6 Sec 191**

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHED

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? August 16, 2016

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? April 20, 2017

When did you receive the Notice? April 25, 2017

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
Back pay, front pay, additional damages as the court deems fit

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 7/20/17 | *Harold Rivers* |
|---|---|
| Dated | Plaintiff's Signature |

| Harold | | Rivers |
|---|---|---|
| First Name | Middle Initial | Last Name |

501 West 143rd Street, Apt 21
Street Address

| NY | NY | 10031-6031 |
|---|---|---|
| County, City | State | Zip Code |

646-685-9319
Telephone Number                    Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

Plaintiff was employed by Imani Property Management, Inc. (Imani) and 100 West 121 Street HDFC from April 4, 2002 until his employment was terminated on May 23, 2016.

Plaintiff worked for Defendant for 14 years and had never taken a sick day prior to being terminated.

Imani is a property management company which manages the property for 100 West 121 Street HDFC.

On information and belief, Imani has at least 50 employed superintendents.

Plaintiff was hired as a superintendent for the property located at 100 West 121 Street HDFC.

Plaintiff received job instructions from both Angel Lavergne (Mr. Lavergne), who works for Imani and Condominium Board Members of 100 West 121st Street HDFC.

Some of Plaintiff's duties included keeping the inside and outside of the building clean, maintaining the outside appearance of the building, cleaning the rooftop, handling the garbage and recycling and setting it out on days for pickup. Plaintiff also cleaned the backyard.  Plaintiff performed handyman duties in repairing issues and plumbing in tenant apartments and inside and outside of the building including the basement; plaintiff also shoveled snow and maintained the outside property during the winter month and additionally responded to emergencies when called.  Mr. Lavergne has instructed plaintiff to perform these duties.

Plaintiff was required to be responsive to calls 24 hours a day.

Plaintiff has received instructions at least once per month from Board Members to clean the office where Board meetings were held.  Plaintiff has also been instructed to wash down the staircase leading to the basement and ensure the bathroom is clean. Plaintiff has received calls from Board members several times informing him that the Fire Department has damaged property on the premises and requesting his assistance with resolving issues such as the boiler smoking, broken doors which lead from street to the basement and broken door leading to the boiler room. The Fire Department has also broken door from the elevator to the basement and alternative entries to the boiler room.

Plaintiff was diagnosed with diabetes at the age of 55 in approximately the year 2000 by his primary care physician who worked at Lincoln Hospital

On March 22, 2016 after completing his duties, Plaintiff was about to leave to go home when he began shaking uncontrollable. Plaintiff found it very difficult to walk. The ex-husband Denise Fuller, who is the President of the Board of Directors of 100 West 121st Street HDFC is David Fuller. David Fuller walked Plaintiff to the street and hailed a taxi for him. Mr. Fuller told Plaintiff that he would tell the Board members that he hailed a taxi for Plaintiff and that Plaintiff went to the hospital. Mr. Fuller placed Plaintiff in a taxi and Plaintiff took the taxi to Lincoln Hospital in the Bronx, NY. Plaintiff went to the Emergency room and was admitted to Lincoln Hospital on March 22, 2016.

On March 23, 2016, Plaintiff called the Imani Management Office and left a message with the secretary of Mr. Lavergne that he was admitted to the hospital and that Mr. Fuller had assisted Plaintiff with getting a taxi when he fell ill.

Plaintiff remained in the hospital for 2 weeks and was discharged on approximately April 5, 2016.

While in the hospital Plaintiff saw a series of specialists and had to undergo surgery. Plaintiff was informed that he had an infection in his left foot and an incision was made in his left leg down to his foot and a drain was placed in it. Plaintiff was given antibiotics and pain medication in the hospital.

Upon discharge Plaintiff continued to take the antibiotics and pain medication as directed by his doctors. Plaintiff's doctors also prescribed a home care aid and Plaintiff was instructed to remain off his feet. Plaintiff went to his the doctor in the surgical department at Lincoln Hospital weekly to monitor the progress of his left leg and foot.

In mid April 2016 Plaintiff was walking to exercise his leg and foot based on doctor's orders. Plaintiff went down to the 100 West 121 Street building in the morning and while there Plaintiff saw Denise Fuller (the President of the Board) and Jill Davis (Treasurer of the Board) leaving the building. They (Jill and Denise) stopped Plaintiff and asked him how he was doing. They (Jill and Denise) instructed Plaintiff to take care of himself and bring a doctor's note to Mr. Lavergne when he was able to return back to work.

Defendants never told Plaintiff that he needed to return at any particular time. Defendants never complained that Plaintiff had not provided them with sufficient information about his need for medical leave. Defendants never suggested that Plaintiff was "AWOL" or that they had any questions about his need for leave or his ability to work in the future. Defendants never asked Plaintiff to substantiate a request for leave under Family Medical Leave Act (FMLA).

Plaintiff received a call from Mr. Lavergne instructing him to go into the property management office on May 23, 2016.

On May 23, 2016 Plaintiff went into the property management office and Mr. Laverge handed him a termination letter. Mr. Lavergne spoke of getting Plaintiff severance pay from the Condominium Board of Directors.

The last day Plaintiff was paid was March 15, 2016.

Plaintiff was not paid for the 5 days that he worked prior to going to the hospital (March 16, March 17, March 18, March 21 and March 22, 2016.)

Plaintiff's regular working hours are Monday through Friday for 4 hours in the morning.

On March 22, 2016 Plaintiff completed his 4 hour shift prior to going to the hospital and therefore should be paid for this day as well.

Plaintiff has not been paid for the 2 weeks (10 days) of vacation which he receives each year.

2

Failure to pay Plaintiff for the hours he worked violates the Fair Labor Standards Act (FLSA) and the New York Labor Law Article 6 Section 191.

When Plaintiff was hired he had a meeting with the Board of Directors, at the time Ms. Kelly was the President. Plaintiff was told he would earn $350 per week, earn 3 sick days each month and have 10 days of paid vacation.

While Plaintiff was recovering from surgery he was disabled in that he had difficulty standing or walking for long periods of time which interfered with his ability to do his job. Terminating Plaintiff while he was out sick and recuperating violated the Americans with Disabilities Act (ADA), which prohibits employers from discriminating against employees on the basis of disability.

In addition, Plaintiff's termination violated the ADA because the employers failed to make reasonable accommodation for Plaintiff's disability by giving him needed time to recuperate.

Defendants did not post a notice describing the provisions of the ADA thereby informing plaintiff of his rights.

Defendants did not post a notice explaining rights and responsibilities under FMLA to inform Plaintiff of his rights as is required by law.

Defendants did not provide information regarding the FMLA laws in an employee handbook to advise Plaintiff of his rights.

From March 23, 2016 until the date Plaintiff was fired on May 23, 2016 is less than the 12 weeks allowed under the Family Medical Leave Act (FMLA). In addition Plaintiff had also accrued sick time and vacation which he had not taken. Failure to provide Plaintiff with the full 12 weeks of leave required under the FMLA before terminating him is a violation of that statute.

Defendants falsely stated that Plaintiff abandoned his position. In 14 years of being employed Plaintiff has never taken a sick day. Plaintiff regularly reported to his shift early and completed his duties in a timely fashion.

Defendant's claim that Plaintiff was fired for hiring Curtis Smith (his brother- in-law) is similarly pre-textual. For the past 10 years while Plaintiff worked for Defendants when he took his vacations, Curtis Smith has worked in his place. Defendants have allowed Mr. Smith to perform Plaintiff's duties and Defendants have also given Mr. Smith instructions to complete tasks therefore acknowledging his presence. Mr. Smith used the keys to the building and was allowed access to the building with the knowledge of Mr. Lavergne and the Board of Directors.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Harold Rivers<br>501 W. 143rd Street, Apt. #21<br>New York, NY 10031 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-02452 | Gwendolyn D. Hoy, Investigator | (212) 336-3723 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
District Director

APR 20 2017
(Date Mailed)

Enclosures(s)

cc: Angel Lavergne
Attn: Managing Agent
Imani Management, Inc.
412 Malcolm X Boulevard
New York, NY 10037

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2016-02452 |

New York State Division Of Human Rights                                    and EEOC
*State or local agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Harold Rivers | | 08-11-1944 |

Street Address: 501 W. 143rd Street, Apt#21, New York, NY 10031

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| IMANI PROPERTY MANAGEMENT INC | 15 - 100 | (212) 543-0448 |

Street Address: 412 Malcolm X Boulevard, New York, NY 10037

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-23-2016   Latest: 05-23-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the above-named entity as a super from April 4 2002 until my discharge May 23 2016.

I have a qualifying disability which my supervisors were aware of. I I believe I was discriminated against by my employer due to my qualifying disability. On March 22 2016 I had a seizure at work and was brought to Lincoln Hospital. I had an infection which I had to have surgery for. A side effect of my diabetes is that wounds heal very slowly. The wound has taken a very long time to heal and my supervisor Angel informed me that I need a doctor's note stating that I am ok to work before I returned. I was replaced by a non-disabled temporary employee Felix Sobo. I informed management of my need to be out due to my foot wound. I was informed on 5/3/2016 that I was no longer needed.

Based on the above, I believe I have been discriminated and retaliated against in violation of the Americans with Disabilities Act, (as amended) and other Federal, state, and local anti-discrimination statutes.

I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

*Harold Rivers* 7/11/2016
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

*Harold Rivers*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE July 11, 2016
(month, day, year)

URSULA JOSEPH
Notary Public, State of New York
No. 01JO6792542
Qualified in Bronx County
Commission Expires Sept. 2, 2017